JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Carter, Crystal; Lyons, Kimberly; and Guardian Civic League, Phila Chapter of the Nat'l Ass'n of Black Law Enforcement Officers

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Please see attached

## DEFENDANTS

City of Philadelphia d/b/a Philadelphia Police Dept.; Ginaldi, Anthony; and Doe, John 1-100

County of Residence of First Listed Defendant    Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC Sec 1983 and 1981; Title VII

Brief description of cause:
Racial discrimination and Retaliation

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
12/26/2017

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**MILDENBERG LAW FIRM**
Brian R. Mildenberg, Esq.
Attorney ID No. 84861
1735 Market St., Suite 3750
Philadelphia, PA 19103
215-545-4870
Fax: 215-545-4871
Attorney for Plaintiffs

**WEISBERG LAW**
Matthew B. Weisberg, Esq.
Attorney ID No. 85570
7 South Morton Ave.
Morton, PA 19070
610-690-0801
Fax: 610-690-0880
Attorney for Plaintiffs

**SCHAFKOPF LAW, LLC**
Gary Schafkopf, Esq.
Attorney ID No. 83362
11 Bala Ave.
Bala Cynwyd, PA 19004
610-664-5200 Ext 104
Fax: 888-238-1334
Attorney for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **POLICE OFFICER CRYSTAL CARTER** | : | |
| | : | |
| and | : | **No.** |
| | : | |
| **POLICE OFFICER KIMBERLY LYONS** | : | |
| | : | |
| **Plaintiffs,** | : | |
| **v.** | : | |
| | : | |
| **CITY OF PHILADELPHIA** | : | |
| **d/b/a PHILADELPHIA POLICE** | : | |
| **DEPARTMENT, et. al.** | : | |

Attorneys of Record for Plaintiffs

**MILDENBERG LAW FIRM**
Brian R. Mildenberg, Esq.
Attorney ID No. 84861
1735 Market St., Suite 3750
Philadelphia, PA 19103
215-545-4870
Fax: 215-545-4871
Attorney for Plaintiffs

**WEISBERG LAW**
Matthew B. Weisberg, Esq.
Attorney ID No. 85570
7 South Morton Ave.
Morton, PA 19070
610-690-0801
Fax: 610-690-0880
Attorney for Plaintiffs

**SCHAFKOPF LAW, LLC**
Gary Schafkopf, Esq.
Attorney ID No. 83362
11 Bala Ave.
Bala Cynwyd, PA 19004
610-664-5200 Ext 104
Fax: 888-238-1334
Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: c/o Weisberg Law 7 South Morton Ave. Morton, PA 19070

Address of Defendant: 1515 Arch St, 16th FL Philadelphia, PA 19102

Place of Accident, Incident or Transaction: In and around the 39th District of the Philadelphia Police Department
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))          Yes☐  No☒

Does this case involve multidistrict litigation possibilities?          Yes☐  No☒
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
          Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
          Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
          Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
          Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, Gary Schafkopf , counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 12-22-2017          /s/Gary Schafkopf          83362
                    Attorney-at-Law                    Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12-22-17          /s/Gary Schafkopf          83362
                    Attorney-at-Law                    Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Crystal Carter and Kimberly Lyons | : | CIVIL ACTION |
| v. | : | |
| City of Philadelphia d/b/a Philadelphia Police Dept., et. al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  (X)

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( )

| | | |
|---|---|---|
| 12-22-17 | /s/Gary Schafkopf | Plaintiffs |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (610) 664 5200 Ext. 104 | (888) 283 1334 | Gary@SchafLaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**MILDENBERG LAW FIRM**
Brian R. Mildenberg, Esq.
Attorney ID No. 84861
1735 Market St., Suite 3750
Philadelphia, PA 19103
215-545-4870
Fax: 215-545-4871
Attorney for Plaintiffs

**WEISBERG LAW**
Matthew B. Weisberg, Esq.
Attorney ID No. 85570
7 South Morton Ave.
Morton, PA 19070
610-690-0801
Fax: 610-690-0880
Attorney for Plaintiffs

**SCHAFKOPF LAW, LLC**
Gary Schafkopf, Esq.
Attorney ID No. 83362
11 Bala Ave.
Bala Cynwyd, PA 19004
610-664-5200 Ext 104
Fax: 888-238-1334
Attorney for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **POLICE OFFICER CRYSTAL CARTER** | |
| and | **No.** |
| **POLICE OFFICER KIMBERLY LYONS** | **JURY TRIAL OF TWELVE (12) DEMANDED** |
| and | |
| **THE GUARDIAN CIVIC LEAGUE, PHILADELPHIA CHAPTER OF THE NATIONAL ASSOCIATION OF BLACK LAW ENFORCEMENT OFFICERS** **Plaintiffs,** **v.** | |
| **CITY OF PHILADELPHIA d/b/a PHILADELPHIA POLICE DEPARTMENT** 1515 Arch St, 16th FL Philadelphia, PA 19102 | |
| and | |
| **CAPTAIN ANTHONY GINALDI** Individually, and in his official capacity as a Captain for the | |

| | |
|---|---|
| PHILADELPHIA POLICE DEPARTMENT | : |
| 1515 Arch St, 16th FL | : |
| Philadelphia, PA 19102 | : |
| | : |
| and | : |
| | : |
| **JOHN DOES ##1-100,** | : |
| **Defendants.** | : |

## CIVIL ACTION

Plaintiffs, Police Officer Crystal Carter, Police Officer Kimberly Lyons, and the Guardian Civic League of Philadelphia (collectively, "Plaintiffs") bring this action against their employer, the City of Philadelphia d/b/a the Philadelphia Police Department ("PPD"), and commanding officer, Captain Anthony Ginaldi ("Commanding Officer") (collectively, the City and the Commanding Officer are referred to herein as "Defendants"). Defendants have intentionally discriminated against Plaintiffs on account of their race and gender which a created a hostile work environment. To address this disparity of treatment of female African American police officers, Plaintiffs drafted and sent a memorandum to Commanding Officer and also filed formal complaints with the PPD's Internal EEO as well as the U.S. EEOC. Subsequently, Defendants retaliated against Plaintiffs for engaging this this protected activity in violation of Plaintiffs' the civil rights under federal and state law.

## JURISDICTION AND VENUE

1.     This Court has jurisdiction and venue is appropriate in this judicial district because the facts complained of herein occurred in this judicial district, and this Complaint arises under the laws of the United States and seeks redress for violations of federal laws.

2

## PARTIES

2.      Plaintiff, Crystal Carter is a female African American adult individual who is a Police Officer assigned to the 39th District and resides in the Commonwealth of Pennsylvania. Plaintiff can be served care of her attorneys at the above-captioned address.

3.      Plaintiff, Kimberly Lyons is a female African American adult individual who is a Police Officer assigned to the 39th District and resides in the Commonwealth of Pennsylvania. Plaintiff can be served care of her attorneys at the above-captioned address.

4.      Plaintiff Officers Carter and Lyons are both members of protected classes, to wit: female and African American.

5.      Plaintiff, Guardian Civic League, Philadelphia Chapter of the National Association of Black Law Enforcement Officers ("Civic League") is an organization in the Commonwealth of Pennsylvania that was formed for the benefit of African American police officers. The Civil League supports Plaintiffs in their effort to address the inequities endured by Plaintiffs and African American police officers on account of their gender and race.

6.      Defendant, City of Philadelphia, doing business as the Philadelphia Police Department ("PPD"), is a municipality, duly organized and existing under the laws of the Commonwealth of Pennsylvania, with an address for service at the above captioned address.

7.      Defendant, Anthony Ginaldi, is a white male adult individual who, at all times material herein, was employed as a Captain and Commanding Officer for the 39th District of the PPD.  Defendant is sued both individually and in his official capacity.

8.      Defendants, John Does 1-10, is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable

3

hereunder for the reasons set forth below or inferred therefrom. Each of these parties are incorporated as Defendants in each and every count and averment listed above and below.

9.     PPD meets the definition of employer as defined under Federal and Commonwealth laws.

## FACTUAL BACKGROUND

10.     At all times relevant hereto, Plaintiffs and Defendants' Commanding Officer Ginaldi were assigned to the 39th District of the PPD.

11.     At all times relevant, Defendants' Commanding Officer was and is the Commanding Officer of the 39th District whose responsibilities consist of overseeing the operations and conduct of PPD personnel assigned to 39th District.

12.     At all times relevant, Plaintiffs worked as partners. Plaintiff Officers work the same schedule and assignments. Additionally, Plaintiff Officers must rely on one another for safety and to perform their job duties effectively.

13.     Plaintiffs each have been police officers with the PPD for 18 years or more and at all times relevant, have performed their duties of employment in a satisfactory manner.

14.     Prior to Plaintiffs' involuntary transfer to be explained *infra*, Plaintiffs had been long-serving School Liaison Officers (the assignment is referred to hereinafter "School Liaison") which is an assignment where Plaintiffs are required to be present in and around various schools in the Philadelphia School District that are located in the 39th District.

15.     As School Liaisons, Plaintiffs have been held in high regard by schools, principal, students, superiors and fellow officers for successfully fostering positive relationships with the schools' students, teachers, administrators, as well as Philadelphia School District police officers.

4

## ACTS OF RETALIATION

16.     On or about May 17, 2017, Plaintiffs jointly sent a memorandum ("Memorandum") to Commanding Officer to inform him of Plaintiffs' concerns regarding unfair and discriminatory employment practices, including inappropriate and harassing behavior that Plaintiffs have suffered at the hands of several white male officers and supervisors.

17.     Plaintiffs copied Plaintiff Civic League on the Memorandum and requested that there be a fair and swift resolution to the unjust treatment they have endured. The subject line of the Memorandum reads as follows: "**DISPARITY OF TREATMENT OF AFRICAN AMERICAN FEMALES**." The said Memorandum is attached hereto as Exhibit A.

18.     On or about June 13, 2017, Plaintiffs filed an EEO Charge internally with the PPD,  the EEOC, and the Pennsylvania Human Relations Commission.

19.     Subsequent to said opposition, Defendants have retaliated against each of the Plaintiffs by subjecting them to adverse actions, including but not limited to the following:

   a.   On or about October 18, 2017, Commanding Officer falsely disciplined Plaintiff Police Officer Carter by issuing a counseling memorandum to her for an alleged infraction that occurred on or about August 10, 2017. Commanding Officer waited several months to reprimand Plaintiff Police Officer Carter for allegedly failing to respond to a single radio request.   Plaintiff believes and therefore avers that she did not miss any such request but followed all rules and protocols in handling same.

   b.   Commanding Officer disciplined Plaintiff Police Officer Lyons for conduct unbecoming of a Police Officer due to arbitrary or non-existent policies such as "not saying hello to him." To Plaintiffs' knowledge, Commanding Officer

5

had been tracking Plaintiff Police Officer Lyons's "hellos" since June 28, 2017. Police Officer Lyons has been afraid to interact with Commanding Officer since the campaign of retaliation against Plaintiffs began. Police Officer Lyons had pending complaints and charges of discrimination against the Commanding Officer, who has engaged in retaliatory and discriminatory misconduct against Plaintiff, making small talk uncomfortable.

    c.   Commanding officer purposefully delayed Plaintiff Officers' transfer requests to Neighborhood Services, which is also in the 39th District.

    d.   On or about August 9, 2017 for no valid reason, Commanding Officer involuntarily transferred Plaintiff Officers to a new squad, effective September 4, 2017. In connection with this new squad, Plaintiffs were transferred away from their schools.

    e.   Upon information and belief, said squad transfers also constituted constructive denial of Plaintiff Officers' aforementioned transfer requests.

    f.   Commanding Officer has encouraged white male superiors and/or peers to treat Plaintiff Officers in disrespectful, humiliating, and unjustified matter in front of others thereby creating an extremely hostile environment.

20.   Defendants' conduct compromises the integrity of the 39th District, the PPD and justice system whose protections are guaranteed by the Constitutions of the United States as well as the Commonwealth of Pennsylvania.

## INTENTIONAL RACIAL DISCRIMINATION

21.     Additionally and/or in the alternative, Commanding Officer has and continues to foster a racially hostile work environment by intentionally targeting and discriminating against police officers on account of their gender and race.

## COUNT I – CIVIL RIGHTS VIOLATION
## 42 U.S.C. § 1983
## RETALIATION FOR ENGAGING IN PROTECTED ACTIVITY, HOSTILE WORK ENVIRONMENT, AND DISCRIMINATION ON THE BASIS OF GENDER AND RACE

22.     Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length herein.

23.     Defendants took the aforementioned adverse actions against Plaintiffs in retaliation to Plaintiffs' Memorandum and complaints of gender and racial discrimination, which subjected Plaintiffs to the above referenced discriminatory, hostile and intimidating environment to severe degree that there is a crisis of gender and racial discrimination in the 39th District.

24.     As a result of Defendants' actions as aforesaid, Defendants have denied Plaintiffs the right to the same terms, conditions, privileges and benefits of their employment agreement with the City of Philadelphia Police Department, in violation of 42 U.S.C. § 1981.

25.     Such violation of 42 U.S.C. § 1981 is actionable against the City of Philadelphia, a municipal entity, pursuant to 42 U.S.C. § 1983.

26.     Plaintiffs have been discriminated against on the basis of their gender and race, made to suffer humiliation and embarrassment, emotional distress, and have sustained damages for which recovery of compensatory damages may be had pursuant to 42 U.S.C. § 1983. Said retaliation and discrimination against Plaintiffs were pervasive and regular.

27.     Said retaliation and discrimination against have affected Plaintiffs to their detriment.

28.     Said retaliation and discrimination would detrimentally affect a reasonable person under similar circumstances.

29.     Said gender and racial discrimination have caused a hostile work environment.

30.     Said retaliation exacerbated the already hostile work environment to the point of a crisis.

31.     Said violations were done intentionally and/or knowingly with malice or reckless indifference, and warrant the imposition of punitive damages.

32.     As a direct and proximate result of Defendants' violation of 42 U.S.C. § 1983 Plaintiffs have suffered the damages and losses set forth herein and have incurred attorneys' fees and costs.

33.     Plaintiffs are suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

34.     The wrongful acts and conduct of Defendants were done with deliberate indifference to the statutory and constitutional rights of Plaintiffs.

35.     As such, Plaintiffs have and continue to suffer damages as set forth herein.

### COUNT II - TITLE VII VIOLATION
### GENDER AND RACIAL DISCRIMINATION,
### HOSTILE WORK ENVIRONMENT, AND RETALIATION

36.     Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length herein.

37.     Defendants have intentionally discriminated against Plaintiffs based on their race.

8

38.     Defendants have subjected Plaintiffs to the aforementioned adverse actions in retaliation of Plaintiffs engaging in the protected activity of refusing to follow illegal directives.

39.     Said retaliation and discrimination against Plaintiffs was pervasive and regular.

40.     Said retaliation and discrimination against has affected Plaintiffs to their detriment.

41.     Said retaliation and discrimination would detrimentally affect a reasonable person under similar circumstances.

42.     Said gender and racial discrimination have caused this hostile work environment.

43.     Said retaliation exacerbated the already hostile work environment to the point of a crisis.

44.     Due to Defendants' violations, Plaintiffs have suffered and will continue to suffer irreparable injuries and monetary damages unless and until this Court grants the relief requested herein.

## COUNT III - PHRA VIOLATION

45.     Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length herein.

46.     In violation of the PHRA, Defendants discriminated against Plaintiffs based on their gender and race and subsequently retaliated against Plaintiffs for sending the Memorandum and filing complaints with the relevant government agencies.

47.     Said violations were intentional and willful.

48.     As a direct and proximate result of Defendants' violation of the PHRA, Plaintiffs have sustained the injuries, damages, and losses set forth herein and have incurred attorneys' fees and costs.

49.     Plaintiffs suffer and will continue to suffer irreparable injuries and monetary damages as a result of Defendants' acts unless and until the Court grants the relief requested herein.

## COUNT IV - PFPO VIOLATION

50.     Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length herein.

51.     Plaintiffs are Defendants, by the above improper and retaliatory acts, have violated the PFPO.

52.     Said violations were intentional and willful.

53.     As a direct and proximate result of Defendants' conduct, Plaintiffs have sustained the injuries, damages, and losses set forth herein and have incurred attorneys' fees and costs.

54.     Plaintiffs suffer and will continue to suffer irreparable injuries and monetary damages as a result of Defendants' acts unless and until the Court grants the relief requested herein.

## RELIEF

WHEREFORE, Plaintiffs seek damages and legal and equitable relief in connection with Defendants' improper conduct and specifically prays that this Court grant the following relief to Plaintiffs:

a)  declaring the acts and practices complained of herein to be in violation of Sections 1981 and 1983;

b)  declaring the acts and practices complained of herein to be in violation of Title VII;

c)  declaring the acts and practices complained of herein to be in violation of the PHRA;

d)  declaring the acts and practices complained of herein to be in violation of the PFPO;

e)  enjoining and permanently restraining the violations alleged herein;

f)  entering judgment against the Defendants and in favor of Plaintiffs in an amount to be determined;

g)  reinstating Plaintiffs to their previous assignment in the 39th District to serve as School Liaisons or to the location that Plaintiffs previously requested but was constructively denied;

h)  awarding compensatory damages to make Plaintiffs whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiffs have suffered or may suffer as a result of Defendants' improper conduct;

i)  awarding compensatory damages for Plaintiffs for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiffs have and continue to suffer as a result of Defendants' improper conduct

j)  awarding punitive damages to Plaintiffs;

k)  awarding Plaintiffs such other damages as are appropriate under Sections 1981 and 1983, Title VII, the PHRA, and the PFPO;

l)  awarding Plaintiffs the costs of suit, attorneys' fees; and expert fees and other; and

m) granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

Respectfully Submitted,

WEISBERG LAW

BY: */s/ Matthew Weisberg*
MATTHEW B. WEISBERG, ESQ

MILDENBERG LAW FIRM

BY: */s/ Brian R Mildenberg*
BRIAN R. MILDENBERG, ESQ

11

DATED: 12-11-2017                    DATED: 12-11-2017

SCHAFKOPF LAW, LLC

BY: */s/ Gary Schafkopf*
GARY SCHAFKOPF, ESQ.

DATED: 12-11-2017


Of counsel on the Complaint:
Deanna E. Watson, Esq.

12

# EXHIBIT A

*MEMORANDUM*

**POLICE**

**CITY OF PHILADELPHIA**
**DATE: 5-3-17**

TO         : Commanding Officer, 39th District

FROM     : P/O Crystal Carter #5806 PR#223044, P/O Kimberly Lyons#4060 PR#230740 39th District, 7P

SUBJECT : <u>**DISPARITY OF TREATMENT OF AFRICAN AMERICAN FEMALES**</u>

    We have proudly served the residents of Philadelphia as Philadelphia Police Officers over the past 20 years. We have had the privilege of working with many police officers who operate with high levels of integrity, who also take their oath of honor extremely serious. However, at the present time we have a concern about unfair practices, disparaging behavior, and abuse of authority displayed by Sgt. Busa#454 along with Sgt. Dayton#417. There have been three occasions where abuse of power have been portayed.

    Occassion #1
On Tuesday, March 1,,2016, at approximately 7:30am Officer Ammons#5232 was approached by Sgt. Busa#454 in relation to an incident involving another supervisor. At which time Sgt. Busa#454 yelled, was hostile, and appeared physically threatening to P/O Ammons#5232. This incident took place in front of peers and other supervisors.          *P/O Lyons present*

    Occassion #2
On Thursday, April 13,2017, at approximately 2:50pm, my partner, P/O Lyons#4060 and I, P/O Carter#5806 who are both School Liaison Officers, were in the rear of the operations room, on the computer. Sgt. Busa#454, gave an order to radio to give a job to 39SC2. I acknowledged radio. However, Sgt. Busa#454 stated that "he" did not hear me acknowledge radio. So, there in the operations room, in front of fellow officers and supervisors, Sgt. Busa#454 began yelling at my partner and me in a loud, aggressive, ill-mannered, confrontational tones. Then, finally, we were told to leave the building. His behavior most certainly felt like an attempt to dehumanize and humiliate. We most certainly felt attacked, and we felt like victims of an abuse of authority. Our immediate supervisor Sgt. O'Fee#8795 present at the time of the incident. I, P/O Carter# 5806 also spoke him about the incident.

*P/o Crystal Carter #5806*
Crystal Carter
Police Officer                    #5806
39th District

*P/o Kimberly Lyons #4060*
Kimberly Lyons
Police Officer                    #4060
39th District

RESPONSE TO THIS MEMORANDUM MAY BE MADE HEREON IN LONGHAND

**Received**

MAY 0 4 2017

Commanding Officer
39th Police District

<u>Occasion #3</u>

On Tuesday, April 25, 2017, at approximately 8:30am, my partner, P/O Lyons#4060 and I, were assigned to use 39A by Sgt. McGlaughlin#599. We were then called off the street by Sgt.Dayton#417 who then accused us of taking the vehicle without permission. Sgt. Dayton#417 told my partner and I that P/O Praul#7282 who then told Cpl.McDough#8088 that we had taken 39A without permission. Sgt. Dayton#417 spoke to us in a condescending , aggressive tone, all the while in front of fellow officers who chuckled in what appeared to be amusement, at the way he spoke to us. Sgt. McGlaughlin#599 stated to me that Sgt. Dayton#417 had called him screaming and yelling," why did you give them 39A'. P/O Lyons#4060 spoke with our immediate supervisor, Sgt. O'Fee #8795 making him aware of the situation.

There are other incidents involving women of color who have experienced this same type of aggression from Sgt. Busa#454 but are afraid to come forward.

We are hoping for a swift and just resolve to this unjust treatment of African American Women in the 39th District, by ranking officers. We firmly believe that the message should be made very clear that this behavior will not be tolerated on any level and under any circumstances.

Crystal Carter
Police Officer      5806
39th District

Kimberly Lyons
Police Officer      4060
39th District

CC: GCL

82-S-1   (REV. 3/59)          RESPONSE TO THIS MEMORANDUM MAY BE MADE HEREON IN LONGHAND

**Received**

MAY 0 4 2017

Commanding Officer
39th Police District